ROBERT BRIAN BLACK                    7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Movant. | CIV. NO. 23-175-SOM-RT<br>[CR NO. 22-00013-SOM]<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL [DKT. 1] |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO UNSEAL [DKT. 1]**

Civil Beat Law Center for the Public Interest (Law Center) moved to unseal the Government's motion for downward departure in *United States v. Ty J.K. Cullen*, No. 22-CR-13-SOM.  The Government seeks to redact Defendant Cullen's identity—which makes no sense—and all discussion of how he cooperated.  The Law Center respectfully requests that the Court:

1. Enter an order, based on the Court's independent review, that confirms or rejects the Government's proposed redactions;

2. Require the Government to file a redacted version of the motion for downward departure in No. 22-CR-13;[1] and

3. Require the Government to file an *in camera* submission regarding the status of its pending investigation every six months until the investigation is completed and the motion for downward departure can be unsealed entirely.

### A.  THERE IS NO BASIS IN THE RECORD TO REDACT DEFENDANT CULLEN'S IDENTITY FROM THE MOTION.

Not all cooperating defendants are providing information, similar to *Doe*, about violent international drug cartels who have already made threats against the defendant and the defendant's family. The Ninth Circuit has consistently rejected the position—which the Government presents here—that public disclosure of cooperation categorically threatens the life of *every* defendant who cooperates. *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (Rule 35 motion) ("We recognize that information relating to cooperating witnesses and criminal investigations should be kept confidential in some cases, but it does not follow that the government is free to reduce such matters to writing and then insist on filing

---

[1] The Government claims: "To our knowledge no § 5K1.1 motion has ever been unsealed, redacted or otherwise, in this district." Dkt. 19 at PageID.113. To the contrary, as stated in the Law Center's petition for mandamus to the Ninth Circuit (Dkt. 7-1 at PageID.52 n.4)—which the Government cited when seeking a stay here—Judge Seabright ordered a § 5K1.1 motion unsealed last year. *See United States v. Daniel Sellers*, No. 19-CR-3-JMS Dkt. 12 (unsealed § 5K1.1 motion).

the document as a court record under seal."); *accord Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1467 (9th Cir. 1990) ("[T]he district court's stated belief that because the agreement contemplated Wolsky's cooperation with the government, Wolsky would be in danger if the court disclosed the terms of the plea agreement. There was no evidentiary support for this."); *In re Copley Press, Inc.*, 518 F.3d 1022, 1028-29 (9th Cir. 2008) ("Though the government's interest in keeping Higuera-Guerrero and others safe is 'compelling,' *Oregonian* also requires the government to show a 'substantial probability that, in the absence of closure, this compelling interest would be harmed.'"); *United States v. Doe*, 269 Fed. Appx. 626, 626 (9th Cir. 2008). The *Doe* decision merely applied the same standard to a compelling set of facts. *United States v. Doe*, 870 F.3d 991, 998-1000 (9th Cir. 2017). As the Ninth Circuit emphasized in *Doe*: "district courts decide motions to seal or redact on a case-by-case basis." *Id.* at 1002.

Moreover, the Government's reliance on the 2016 Interim Guidance referenced in *Doe* (the CCACM Report) is misplaced. Dkt. 19 at PageID.114-15. After *Doe*, in December 2017, the Judicial Conference's Advisory Committee on Criminal Rules refused to advance proposed rules that would implement the 2016 Interim Guidance. Among other concerns, some members "opposed a solution based on secrecy in judicial proceedings, and described the CACM amendments as shifting from the current culture of transparency to a culture of secrecy." Advisory

Comm. on Crim. Rules, *Report of the Advisory Comm. on Crim. Rules* (Dec. 8, 2017), *in* Comm. on Rules of Practice & Procedure at 122 (Jan. 4, 2018).

Here, Defendant Cullen disclosed the fact that the Government filed the motion on his behalf, 22-CR-13 Dkt. 23 at PageID.138, and the parties and the Court openly discussed Defendant Cullen's cooperation with the Government during his public sentencing. His cooperation has been a persistent public fact for over a year.[2] For the Government to claim his identity must be redacted from the motion for downward departure is unwarranted.

---

[2] In *Doe*, "no members of the media expressed interest" in the case. 870 F.3d at 996. The opposite is true here. *E.g.*, Manolo Morales, *English and Cullen Plan to Plead Guilty, Fully Cooperate with Feds*, KHON2 (Feb. 9, 2022); Rick Daysog, *Former State Rep. Ty Cullen to Plead Guilty in Federal Corruption Case*, Hawaii News Now (Feb. 9, 2022) ("the former lawmaker takes responsibility for his actions and is cooperating with federal investigators"); Manolo Morales, *Former Legislator Pleads Guilty, Cooperates with Federal Prosecutors*, KHON2 (April 6, 2023) ("'We did have substantial cooperation from Mr. Cullen which resulted in assisting an investigation that we're doing,' explained [Kenneth Sorenson, Assistant U.S. Attorney]."); Daryl Huff, *Ex-Lawmaker in Bribery Scandal Gets Leniency for Cooperating with FBI in Separate Probes*, Hawai`i News Now (April 6, 2023); Blaze Lovell, *Ex-Hawaii Lawmaker Gets 2 Years in Prison for Taking Bribes*, Honolulu Civil Beat (April 6, 2023); Audrey McAvoy (Associated Press), *Former Rep. Ty Cullen Gets 2 Years in a Corruption Case that Highlights Hawai`i's Cesspool Mess*, Hawai`i Public Radio (April 6, 2023); *Former State Representative Ty Cullen Sentenced to 2 Years in Prison for Bribe Scheme*, KITV (April 7, 2023) ("Federal prosecutors say Cullen cooperated with other investigations of criminal activity.").

### B. THERE IS NO BASIS TO REDACT ALL DISCUSSION OF DEFENDANT CULLEN'S COOPERATION.

The existence of an ongoing investigation is not a justification for sealing everything peripheral to the investigation. There must be a "necessary connection between unsealing the [document] and inflicting irreparable damage." *Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940, 950 (9th Cir. 1998) (rejecting the district court's conclusory finding that disclosure "would constitute a serious risk of compromising the investigation"). For some information, that substantial probability of harm will be obvious, but with redacted details, certain information should not risk jeopardizing the investigation.

The Ninth Circuit consistently has recognized that the disclosure concern for ongoing criminal investigations concerns "the obvious risk that the subject of the [investigation] would learn of its existence and destroy evidence of criminal activity."[3] *Forbes Media LLC v. United States*, 61 F.4th 1072, 1079 (9th Cir. 2023) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989)). Not every disclosure carries the risk that the targets of the investigation will learn about the investigation and be able to "destroy evidence, coordinate their

---

[3] Another concern for ongoing investigations is the privacy interests of individuals identified in the investigation. *Forbes Media*, 61 F.4th at 1079. Nothing in the Government's annotated supplemental response indicates that the motion for downward departure identifies anyone other than Defendant Cullen. Dkt. 19 at PageID.133-36.

stories before testifying, or even flee the jurisdiction."[4] *Times Mirror*, 873 F.2d at 1215.

Based on a motion for downward departure previously unsealed in this District, the basic information disclosed in the motion may include: (1) details about the nature and scope of the ongoing investigation, 19-CR-3-JMS Dkt. 12 at PageID.149-55; (2) information about the defendant's meetings with the government, *id.* at PageID.155-56; and (3) the government's assessment of the defendant's cooperation, *id.* at PageID.156-57.[5] Here, the Government also appears to discuss Defendant Cullen's subsequent conduct—beyond meeting with the Government—that was part of the ongoing investigation. *E.g.*, Dkt. 19-2 at PageID.135 (referring to disclosure of "investigative technique" and a paragraph that "reveals that this recording assisted our investigation").

First, disclosing discussion of Defendant Cullen's meetings with the Government will not provide a potential investigation target with any information to decipher that he or she is a target or provide details about the investigation to

---

[4] The Law Center is not asking the Court to "second-guess" the Government's asserted concerns about disclosure. Instead, the Law Center asks the Court to consider, "[u]nder the circumstances of this case," whether "the evidence in the record establishes a significant probability of harm to compelling interests absent closure." *Doe*, 870 F.3d at 1000.

[5] The Law Center does not object to sealing in the first category—details about the nature and scope of the ongoing investigation.

allow the target to circumvent prosecution.  The Government stated clearly at the sentencing that Defendant Cullen started cooperating immediately and had provided assistance for over a year.  Disclosing more details regarding those meetings—without revealing the substance pertinent to the investigation—does not threaten the harms that sealing would seek to prevent.

    Second, the Government's assessment of Defendant Cullen's cooperation—redacted to remove substantive details—would not jeopardize the investigation.  While the public gains a better understanding of this Court's sentencing decision, a potential investigation target gains nothing from a disclosure that the Government concluded, for example, that Defendant Cullen was truthful, that the information provided was corroborated, or that his cooperation allowed the Government to identify witnesses or investigate crimes that otherwise would not have been discovered.

    Third, the Government's references to disclosing techniques and methods does not justify sealing.  The fact that Defendant Cullen recorded a meeting or telephone conference while cooperating with the Government does not pose a risk to the Government's investigation.  If details about the nature of the discussion are redacted, merely revealing that recordings exist does not present any information that would alert the target of the investigation that he or she is a target or risk the destruction of evidence.  For example, as apparent from the charges against

Defendant Cullen, it is well-known that the Government has cooperators recording conversations. *E.g.*, 22-CR-12 Dkt. 1 at PageID#:25 ¶ 17.

Based on the justifications offered, the Government's redactions go beyond those necessary to protect the ongoing investigation. There is no obvious risk from disclosing information that lacks substantive details about the nature and scope of the investigation. Absent better evidence in the record, the public interest in understanding why Defendant Cullen received a significantly lower sentence than his counterpart Jamie Kalani English is stronger than the Government's desire for secrecy.

### C. THE MOTION SHOULD BE SEALED NO LONGER THAN NECESSARY TO PROTECT THE INVESTIGATION.

Eventually, the Government will either notify its target of the investigation or close the investigation. At that point, the concerns about interfering with a pending investigation will no longer apply. Thus, the Law Center respectfully requests that the Court require regular updates from the Government regarding the status of its investigation. *E.g.*, *In re Civil Beat Law Ctr. for the Public Interest*, No. 22-MC-286 DKW-KJM, Dkt. 23 at PageID.617-18 (D. Haw. Nov. 17, 2022) (requiring the Government to report every 6 months on whether sealing or redaction is still required for search warrants concerning ongoing investigations). Once the target is arrested or charged or receives a target letter, concerns about evidence tampering or fleeing the jurisdiction may exist. But, critically, those

concerns will be based on the Government's disclosure of the investigation to the target, not disclosure of the motion for downward departure. The redactions will no longer be necessary.

## CONCLUSION

Based on the foregoing, the Law Center respectfully requests that this Court grant the motion to unseal the Government's motion for downward departure [Dkt. 1].

DATED: Honolulu, Hawai`i, May 4, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Civil Beat Law Center
  for the Public Interest