ROBERT BRIAN BLACK  7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
   for the Public Interest

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>              Movant. | CIV. NO. 23-175-SOM-RT<br>[CR NO. 22-00013-SOM]<br><br>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL [DKT. 1] |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO UNSEAL [DKT. 1]**

Pursuant to the Court's May 9, 2023 invitation, Civil Beat Law Center for the Public Interest (Law Center) submits the following additional case law for consideration.  The Court requested case law concerning whether in analyzing unsealing information already in the public domain, "the court can or should assess how widely available or widely circulated the public information is."  Dkt. 21.

The Law Center did not find any cases in the context of access to court records that sealed otherwise publicly accessible information based on limited

circulation of the initial publication (or even considered such a circulation question).

Many courts simply consider whether the document was publicly accessible—without even considering whether anyone in fact accessed the document. "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)); *accord Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("appeals seeking to restrain 'further dissemination of publicly disclosed information' are moot"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer."); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming an unsealing order because the information at issue was "already publicly available"); *cf. Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998) ("if a document becomes part of the public record, the public has access to it, and the press may report its contents."); *MD Spa Shop LLC v. Med-Aesthetic Sols, Inc.*, No. 21-CV-1050 TWR (LL), 2021 U.S. Dist. LEXIS 210552, at *18-19 (S.D. Cal. Oct. 29, 2021) ("A request to seal information that was publicly disclosed involves 'an inherent logical dilemma' in that 'information

that has already entered the public domain cannot in any meaningful way be later removed from the public domain.'").

And the Ninth Circuit has recognized that Internet publication inherently results in wide dissemination.  *Doe v. Reed*, 697 F.3d 1235, 1239-40 & n.2 (9th Cir. 2012) ("our commonsense conclusion that once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret.  We doubt, because of the information's availability on the internet, that enjoining further disclosure by the parties will 'narrow [any further] dissemination.'"); *accord Constand*, 833 F.3d at 411 ("nearly everyone in America (and many more around the world) with access to a computer either know what Cosby has admitted to doing or could find out with a few clicks, and this will remain true even if we order the documents resealed."); *see also ProtectMarriage.com – Yes on 8 v. Bowen*, 752 F.3d 827, 834-35 (9th Cir. 2014) ("A case is similarly moot where a plaintiff seeks to enjoin specific parties from disclosing information that has already been published across the Internet.").

Even when the document is revealed through error—and despite concerns about ongoing investigations—courts have denied sealing or continued sealing of the document once it is in the hands of any third party who has no obligation to keep it confidential.  For example, in *Forbes Media*, Forbes obtained a Southern District of California warrant application that was unsealed in error; wrote an

3

article that included publication of the warrant application on the Internet; and then sought to unseal other warrant applications referenced in the S.D. Cal. application, attaching a copy of the S.D. Cal. application to the motion to unseal. *Forbes Media LLC v. United States*, 548 F. Supp. 3d 872, 874-75 (N.D. Cal. 2021). Based on concerns about harm to ongoing investigations, the district court refused to unseal the applications that Forbes did not already possess, but the court also refused the government's effort to seal the S.D. Cal. application that had been published.[1] *Id.* at 881-82; *see also Al Otro Lado, Inc. v. Wolf*, No. 17CV2366-BAS(KSC), 2020 U.S. Dist. LEXIS 77464, at *17-18 (S.D. Cal. May 1, 2020) (refusing to seal inadvertently unsealed report despite government argument that "any additional publication of this document may cause additional harm to Defendants' operations by making the report more available to potential bad actors"); *United States v. Suppressed*, No. 16-MC-261, 2019 U.S. Dist. LEXIS 36565, at *11 (N.D. Ill. Mar. 7, 2019) ("because the Sun-Times is in possession of the full affidavit, it could disseminate any as-yet unpublished information at any time. It would not make sense for the court to go through a redacting exercise that

---

[1] In affirming the district court's refusal to unseal other warrant applications, the Ninth Circuit remarked: "It appears this application was unsealed by mistake. Nevertheless, [reporter] lawfully obtained it, and the application is now part of the public record in this case and others." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1075 (9th Cir. 2023).

4

would need to be repeated anytime the Sun-Times makes additional information public."); *cf. ProtectMarriage.com*, 752 F.3d at 835 ("Third parties already have control over this information."); *Gambale*, 377 F.3d at 144 ("The genie is out of the bottle, albeit because of what we consider to be the district court's error. We have not the means to put the genie back."); *Reed*, 697 F.3d at 1239 ("a case seeking to keep a document secret is moot once third parties have control over copies of the document. This is in contrast to situations in which a court can grant some effective relief with an order directed at the parties appearing before it." (citation omitted)).

## CONCLUSION

Based on the foregoing, the Law Center respectfully requests that this Court grant the motion to unseal the Government's motion for downward departure [Dkt. 1].[2]

DATED: Honolulu, Hawai`i, May 12, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Civil Beat Law Center
  for the Public Interest

---

[2] As stated in the Law Center's reply memorandum [Dkt. 20 at PageID.144 n.5] and during the May 9, 2023 hearing, the Law Center does not object to sealing details that would reveal the nature and scope of the ongoing investigation.